UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARLA FERNANDEZ, on behalf of herself and all other persons similarly situated, known and unknown, ) ) ) ) Plaintiff, ) ) v. ) ) EL VALLE FLORIDO, INC., ) CARNICERIA EL PASO CHICO CORP., ) and CELIA RODRIGUEZ, individually, ) ) Defendants. ) | Case No. Judge |

# COMPLAINT

Plaintiff Karla Fernandez ("Plaintiff"), through her attorneys, on behalf of herself and all other persons similarly-situated, known and unknown, for her Complaint against El Valle Florido, Inc., Carniceria El Paso Chico Corp., and Celia Rodriguez, individually (hereinafter "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly-situated persons.

2. During one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated hourly employees worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3. Instead, Defendants paid Plaintiff and other hourly employees their regular hourly rate of pay in a payroll check for the first forty (40) hours of work they performed, and Defendants

paid them at a rate less than their regular hourly rate of pay in cash for all hours worked over forty (40) in a week.

4. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

8. Plaintiff was employed by Defendants within this judicial district. Plaintiff resides in and is domiciled in Aurora, Illinois.

9. Defendant El Valle Florido, Inc. is an Illinois corporation. Defendant El Valle Florido, Inc. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

10. Defendant El Valle Florido, Inc. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

11. During the last three years, Defendant El Valle Florido, Inc.'s annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

12. During the course of her employment with Defendant El Valle Florido, Inc., Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

13. Defendant El Valle Florido, Inc. was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

14. Defendant El Valle Florido, Inc. was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

15. Plaintiff was Defendant El Valle Florido, Inc.'s "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

16. Plaintiff was Defendant El Valle Florido, Inc.'s "employee" as defined by the IMWL. 820 ILCS 105/3(d).

17. Defendant Carniceria El Paso Chico Corp. is an Illinois corporation. Defendant Carniceria El Paso Chico Corp. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

18. Defendant Carniceria El Paso Chico Corp. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

19. During the last three years, Defendant Carniceria El Paso Chico Corp.'s annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

20. Defendant El Valle Florido, Inc. and Defendant Carniceria El Paso Chico Corp. constitute a single enterprise under the FLSA. 29 U.S.C. § 203(r)(1).

21. Defendant El Valle Florido, Inc. and Defendant Carniceria El Paso Chico Corp. perform related activities.

22. Defendant El Valle Florido, Inc. and Defendant Carniceria El Paso Chico Corp. are commonly controlled by Defendant Celia Rodriguez.

23. Defendant El Valle Florido, Inc. and Defendant Carniceria El Paso Chico Corp. operate for a common business purpose.

24. Defendant Carniceria El Paso Chico Corp. was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

25. Defendant Carniceria El Paso Chico Corp. was Plaintiff's "employer" as defined by the IMWL 820 ILCS 105/3(c).

26. Plaintiff was Defendant Carniceria El Paso Chico Corp.'s "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

27. Plaintiff was Defendant Carniceria El Paso Chico Corp.'s "employee" as defined by the IMWL. 820 ILCS 105/3(d).

28. Upon information and belief, Defendant Celia Rodriguez is the owner of Defendant El Valle Florido, Inc.

29. Defendant Celia Rodriguez is the owner and President of Defendant Carniceria El Paso Chico Corp.

30. Defendant Celia Rodriguez is involved in the day-to-day business operations of Defendants El Valle Florido, Inc. and Carniceria El Paso Chico Corp. Among other things, Celia Rodriguez has the authority to hire and fire employees and to direct and supervise the work of employees. Upon information and belief, Defendant Celia Rodriguez had the authority to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and capital expenditures

31. Defendant Celia Rodriguez was Plaintiff's "employer" as that term is defined by

the FLSA, 29 U.S.C. § 203(d).

32. Defendant Celia Rodriguez was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

33. Plaintiff was Defendant Celia Rodriguez's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

34. Plaintiff was Defendant Celia Rodriguez's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

35. Upon information and belief, Defendant Celia Rodriguez resides in this judicial district.

**BACKGROUND FACTS**

36. Defendant Carniceria El Paso Chico Corp. operates two grocery stores in Aurora, IL.

   a. El Paso Chico
      508 Grove St
      Aurora, IL  60505

   b. El Paso Grande
      634 E. New York St.
      Aurora, IL  60505

37. Defendant El Valle Florido, Inc. operates a market store known as Tortilleria El Valle Florido at 278 Beach Street in Aurora, Illinois.

38. From approximately April 2012 until approximately April 2015, Plaintiff worked at the Tortilleria El Valle Florido location as a cook and/or food preparer.

39. Plaintiff prepared goods and products, such as tortillas, chips, salsas, gorditas, and Chicharrines a/k/a flour wheels, which were packaged and sold at Tortilleria El Valle Florido, El Paso Chico, and El Paso Grande.

5

40. Tortilleria El Valle Florido, El Paso Chico, and El Paso Grande share hourly employees. For example, if an employee calls off work at one location, an employee from another location may be called in to cover the employee who called off work.

41. Tortilleria El Valle Florido, El Paso Chico, and El Paso Grande share managerial employees.

42. Tortilleria El Valle Florido, El Paso Chico, and El Paso Grande are commonly owned and operated by Celia Rodriguez and members of Mrs. Rodriguez's family.

43. Tortilleria El Valle Florido, El Paso Chico, and El Paso Grande use the same vendors and suppliers.

44. Tortilleria El Valle Florido, El Paso Chico, and El Paso Grande share goods and supplies between locations.

45. For example, Tortilleria El Valle Florido sold food prepared at the El Paso Chico location.

46. In addition, El Paso Chico provided items including flour, oil and vegetables to the Tortilleria El Valle Florido. Plaintiff and other employees working at Tortilleria El Valle Florido used those ingredients to prepare food products that were sold at Tortilleria El Valle Florido, El Paso Chico, and El Paso Grande.

47. Plaintiff's work simultaneously benefited all Defendants.

48. At all times relevant hereto, Plaintiff and other similarly-situated hourly employees were not exempt from the overtime provisions of the FLSA and the IMWL.

49. In one or more weeks during the prior three (3) years, Plaintiff worked for one or more Defendants in excess of forty (40) hours in an individual work week.

50. For example, Plaintiff customarily worked seven days a week and she regularly

worked over seventy (70) hours a week.

51. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay when she worked more than forty (40) hours per work week.

52. In one or more weeks during the prior three (3) years, Defendants did not pay other hourly employees overtime pay at a rate of one and one-half times their regular rates of pay when they worked more than forty (40) hours per work week.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
**(Plaintiff on her own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 52 of this Complaint, as if fully set forth herein.

53. This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for their failure to pay Plaintiff and other similarly-situated hourly employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

54. In one or more work weeks during the prior three years, Plaintiff and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

55. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all time she worked in excess of forty (40) hours during individual work weeks.

56. In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times her regular rate for the time she worked over forty (40) hours in individual work weeks, and instead paid Plaintiff her regular hourly rate of pay in a payroll check

7

for the first forty (40) hours of work she performed, and paid her at a rate that was less than her regular hourly rate of pay in cash for all hours worked over forty (40) in a week.

57. Pursuant to 29 U.S.C. § 207, other similarly-situated hourly employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

58. In one or more work weeks during the last three (3) years, Defendants did not pay similarly-situated hourly employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual workweeks, and instead paid them their regular hourly rate of pay in a payroll check for the first forty (40) hours of work they performed, and paid them at a rate less than their regular hourly rate of pay in cash for all hours worked over forty (40) in a week.

59. Defendants violated the FLSA by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

60. Defendants violated the FLSA by failing to pay similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

61. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff and other similarly-situated employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendants as follows:

    A.    designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C.     liquidated damages in an amount equal to the amount of unpaid overtime wages;

D.     reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E.     such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 61 of this Complaint, as if fully set forth herein.

62.     This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

63.     During the prior three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

64.     For all time worked in excess of forty (40) hours in an individual work week, Plaintiff was entitled to be paid one and one-half times her regular rate of pay.

65.     Defendants did not pay Plaintiff overtime at one and one-half times her regular rate, and instead paid Plaintiff her regular hourly rate of pay in a payroll check for the first forty (40) hours of work she performed, and paid her at a rate that was less than her regular hourly rate of pay in cash for all hours worked over forty (40) in a week.

66.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.       judgment in the amount of all overtime wages to Plaintiff under the IMWL;

B.       punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.       reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D.       such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 1, 2016

s/Maureen A. Salas
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff